**FILED**
FEB 2 2 2013
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CURTIS SMITH, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 13 0226 |
| ) | |
| ERIC D. WILSON, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on the petitioner's application to proceed *in forma pauperis* and his *pro se* petition for a writ of habeas corpus. The Court will grant the application and dismiss the petition.

Petitioner states that he pled guilty to prison breach in the Superior Court of the District of Columbia. Although he has served the sentence imposed by the Superior Court, the underlying conviction is used to enhance the sentence he currently is serving. He now claims that his Sixth Amendment right to counsel had been violated because trial counsel failed to advise him of his right to file a direct appeal of the underlying conviction.

Ordinarily, "once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 404 (2001). Even if that conviction enhances a criminal sentence, a petitioner "generally may not challenge the enhanced sentence through a petition under [28 U.S.C.] § 2254 on the ground that the prior conviction was unconstitutionally obtained." *Id.* Petitioner does not allege that he was an indigent criminal defendant denied counsel in the Superior Court, and he does not fall within an exception

recognized in *Coss* which would allow a challenge to an enhanced sentence "on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment," *id.*, pursuant to *Gideon v. Wainwright,* 372 U.S. 335(1963) (holding that the Sixth Amendment of the United States Constitution required that an indigent defendant in state-court proceedings have counsel appointed for him).

The petition for a writ of habeas corpus will be denied. An Order accompanies this Memorandum Opinion.

_____
United States District Judge

DATE: 7 February 2012